FILED BY mg D.C.
97 MAY 14 PM 2:22
CLERK, U.S. DIST. CT.
S.D. OF FLA.-MIAMI

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CARLOS BELLO, HOMERO CAMARA, CARLOS FERRA, RAFAEL FERRO, SANTIAGO GONZALES, JOACHIM GORG, ERIC MACHINE, JUAN MILLET, MARIO PEREZ, EDUARDO PINEDA, IRVING PUIG, MARLON SOLORZANO, EDGARDO ZUNIGA and EDUARDO ZUNIGA**

**Plaintiffs,**

**vs.**

**ROCHELLE KENTOV, Regional Director, Region 12 National Labor Relations Board,**

**Defendant.**

**97-1548**
**CIV - GRAHAM**

**CASE NO.:**

**MAGISTRATE JUDGE DUBÉ**

**PLAINTIFFS' ORIGINAL COMPLAINT AND APPLICATION**
**FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs, CARLOS BELLO, HOMERO CAMARA, CARLOS FERRO, RAFAEL FERRO, SANTIAGO GONZALES, JOACHIM GORG, ERIC MACHIN, JUAN MILLET, MARIO PEREZ, EDUARDO PINEDA, IRVING PUIG, MARLON SOLORZANO, EDGARDO ZUNIGA and EDUARDO ZUNIGA (collectively "Plaintiffs"), submit this Original Complaint and Application for Preliminary and Permanent Injunctive Relief complaining of Defendant, ROCHELLE KENTOV, in her official capacity as Regional Director for Region 12 of the National Labor Relations Board (Defendant), and show the Court the following:

**I**
**PARTIES**

1. Plaintiff CARLOS BELLO is an individual residing in the Southern District of Florida. Mr. Bello is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

2. Plaintiff HOMERO CAMARA is an individual residing in the Southern District of Florida. Mr. Camara is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

3. Plaintiff CARLOS FERRA is an individual residing in the Southern District of Florida. Mr. Ferra is employed by an entity formerly known as Stair Cargo Services, Inc. and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

4. Plaintiff RAFAEL FERRO is an individual residing in the Southern District of Florida. Mr. Ferro is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

5. Plaintiff SANTIAGO GONZALES is an individual residing in the Southern District of Florida. Mr. Gonzales is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

6. Plaintiff JOACHIM GORG is an individual residing in Miami, Florida. Mr. Grog is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

7. Plaintiff ERIC MACHIN is an individual residing in Miami, Florida, Mr. Machin is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

8. Plaintiff JUAN MILLET is an individual residing in Miami, Florida. Mr. Millet is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

9. Plaintiff MARIO PEREZ is an individual residing in Miami, Florida. Mr. Perez is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit

represented by International Brotherhood of Teamsters, Local Union No. 390.

10. Plaintiff EDUARDO PINEDA is an individual residing in Miami, Florida. Mr. Pineda is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of the bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

11. Plaintiff IRVING PUIG is an individual residing in Miami, Florida. Mr. Puig is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union 390.

12. Plaintiff MARLON SOLORZANO is an individual residing in Miami, Florida. Mr. Solorzano is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

13. Plaintiff EDGARDO ZUNIGA is an individual residing in Miami, Florida. Mr. Zuniga is employed by an entity formerly known as Stair Cargo Services, Inc. and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union 390.

14. Plaintiff EDUARDO ZUNIGA is an individual residing in Miami, Florida. Mr. Zuniga is employed by an entity formerly known as Stair Cargo Services, Inc., and is a member of a bargaining unit represented by International Brotherhood of Teamsters, Local Union No. 390.

15. Defendant ROCHELLE KENTOV is the Regional Director for Region 12 of the National Labor Relations Board which includes Miami, Florida. Ms. Kentov may be served with process pursuant to Federal Rules of Civil Procedure, 4(i) by delivering a copy of this Complaint and a Summons via registered or certified mail to: (A) Rochelle Kentov, Regional Director, National Labor Relations Board, Region 12, Enterprise Plaza, Suite 530, 201 E. Kennedy Boulevard, Tampa, Florida 33602-5824; (b) Kendall Coffey, United States Attorney, Southern District of Florida, 99 N.E. 4th St., Miami FL. 33132; (c) Janet Reno, United States Attorney General, Department of Justice, 10th & Constitution Ave., N.W., Room B-234, Washington, D.C. 20530.

## II
## JURISDICTION AND VENUE

16. Jurisdiction is proper pursuant to 28 U.S.C. 1331 for the reason that this case arises under the Constitution, laws and treaties of the United States of America.

17. Jurisdiction is also proper pursuant to 28 U.S.C. 1337(a) for the reason that this case arises under the National Labor Relations Act, 29 U.S.C. 151, et seq., an Act of Congress

regulating commerce.

18. Jurisdiction is also proper pursuant to the decision of the United States Supreme Court in Leedom v. Kyne, 358 U.S. 184, 79 S. Ct. 190 (1958), as well as, the decisions of the United States Court of Appeals for the Fifth Circuit in Temple v. Dixie Color Printing Co., 444 F.2d 1064 (5th Cir 1971) and Surratt v. N.L.R.B., 463 F.2d 378 (5th Cir. 1972).

19. Venue is proper pursuant to 28 U.S.C. 1391(e)(3) for the reason that Defendant Rochelle Kentov is an officer of an agency of the United States Government acting in her official capacity, Plaintiffs reside in the Southern District of Florida, and no real property is involved in this action.

## III
## STATEMENT OF FACTS

20. In 1959, Congress, in section 3(b) of the National Labor Relations Act, authorized the National Labor Relatios Board to delegate its power to conduct representation cases to the regional directors and this delegation was made in 1961. See 29 U.S.C. 153(b) (West 1996). Defendant Rochelle Kentov is the Regional Director for Region 12 of the N.L.R.B.. As such, she has been delegated the power to conduct representation proceedings.

21. Plaintiffs are employees of an entity formerly known as Stair Cargo Services, Inc., which operates a warehouse in Miami, Florida. At the time of the original representation petition,

Stair Cargo was owned by Intertrans Corporation. Intertrans Corporation's new name is Fritz Air Freight. For ease of reference, the employer will be referred to throughout this Complaint as "Stair Cargo". Stair Cargo's business is freight forwarding, primarily to Central America, South America and the Caribbean.

22. On or about April 4, 1994, International Brotherhood of Teamsters, Local Union No. 390 (Local 390) filed a Petition for Election with the National Labor Relations Board, Region 12 (Case No. 12-RC-7719), seeking to represent employees at Stair Cargo's Miami warehouse.

23. An election was held on May 29, 1994, and Local 390 was certified as the bargaining representative for a unit of employees at Stair Cargo's Miami warehouse. Thereafter, bargaining ensued between Stair Cargo and Local 390, however, at all times material herein, there has been no collective bargaining agreement between Stair Cargo and Local 390.

24. On or about February 29, 1996, a group of Stair Cargo employees filed a petition with the National Labor Relations Board, Region 12 (Case No. 12-RD-730) seeking to decertify Local 390 as their bargaining representative and alleging that Local 390 no longer represents a majority of the bargaining unit employees.

25. Based on a series of unfair labor practice charges filed by Local 390, the Board refused to investigate or process the decertification petition for almost one year. The unfair labor practice charges which "block" the decertification petition allege improper actions on the part of Stair Cargo in violation of Sections 8(a)(1), 8(a)(3) and 8(a)(5) of the National Labor Relations Act. In August 1996, the Board set the pending unfair labor practice charges for hearing. The hearing was scheduled to take place on March 17, 1997, but later was postponed indefintely by order of the Regional Director.

26. Regional Director Kentov has failed to process or settle these pending unfair labor practice charges. On or about February 25, 1997, Regional Director Kentov ordered that the hearing scheduled for March 17, 1997, be postponed indefinitely. No explanation has been provided for this decision. Furthermore, on or about April 25, 1997, Regional Director Kentov, by and through Board Agent Susy Kucera, withdrew a proposed settlement agreement which would have resolved the blocking charges and permitted the 1997 Decertification Petition to move forward.

27. On or about February 4, 1997, Plaintiffs Carlos Bello, Homero Camara, Carlos Ferra, Rafael Ferra, Santiago Gonzales, Joachim Gorg, Eric Machin, Juan Millet, Mario Perez, Eduardo Pineda

Irving Puig, Marlon Solorzano, Edguardo Zuniga and Eduardo Zuniga, representing a majority of the twenty-one (21) employees in the bargaining unit, filed another petition (referred to herein as the Decertification Petition) with the National Labor Relations Board, Region 12 (Case No. 12-RD-742), again seeking to decertify Local 390 as their bargaining representative and alleging that Local 390 no longer represents a majority of the bargaingg unit employees.

28. On or about February 6, 1997, Regional Director Kentov, by and through Board Agent Hector Nava, indicated that the Region would investigate the petition and conduct a hearing to determine whether a question concerning representation exists.

29. On February 14, 1997, before the telephone conference was conducted, Regional Director Kentov, by and through Board Agent Shelley Plass, informed the parties that Regional Director Kentov had decided to hold the Plaintiffs' 1997 Decertification Petition in abeyance until the outstanding unfair labor practice charges have been resolved. To date, there has been no resolution of the unfair labor practice charges and the 1997 Decertification Petition has not been processed.

30. As a result, the Plaintiffs are being denied the protection of Section 7 of the Act. Specifically, the Plaintiffs, are being denied the opportunity to be represented by " a representative of their own choosing," 29 U.S.C. 157, despite the

fact that they are not charged with any wrongdoing. Such a practice is intolerable under the Act and cannot be condoned. The The purpose of the Board (and of the Act) is to protect the bargaining rights of employees, ***not the bargaining rights of unions***. Templeton v. Dixie Color Printing Co. 444 F2d 1064, 1069 (5th Cir. 1971); Surratt v. N.L.R.B., 463 F.2d 378 (5th Cir 1974).

31. There is no administrative remedy to correct a clear wrong that undermines the Plaintiffs' paramount right. There is no indication that any relief will be forthcoming from the Board in the foreseeable future.

## IV
## CAUSES OF ACTION

Violation of the National Labor Relations Act

32. Regional Director Kentov's failure to conduct an investigation into the 1997 Decertification Petition and her failure to hold a hearing on the 1997 Decertification Petition to determine whether a question concerning representation exists, as described herein, constitute acts in excess of her delegated powers and in direct contravention of the mandatory requirements of the National Labor Relations Act, 29 U.S.C. 159.

33. Regional Director Kentov's arbitrary use of the N.L.R.B.'s "blocking charge practice" as a *per se* rule without investigating the 1997 Decertification Petition or conducting a hearing on the 1997 Decertification Petition to determine whether a question

concerning representation exists, as described herein, deprives the Plaintiffs of their right under Section 7 of the National Labor Relations Act to "a representative of their own choosing." 29 U.S.C. 157, and constitutes an abuse of discretion.

Violation of Due Process and Equal Protection

34. Regional Director Kentov's inconsistent and discriminatory application of her adjudicative powers, her failure to conduct an investigation of Plaintiffs' 1997 Decertification Petition to determine whether a question exists, as required by the National Labor Relations Act and as described herein, deprived Plaintiffs of Due Process and Equal Protection guaranteed by the Fifth Amendments to The United States Constitution.

35. Regional Director Kentov's use of the N.L.R.B.'s "blocking charge practice" as a *per se* rule without investigating the 1997 Decertification Petition or conducting a hearing on the 1997 Decertification Petion to determine whether a question concerning representation exists, as described herein deprives the Plaintiffs of their own choosing," 29 U.S.C. 157, and deprives Plaintiffs of Due Process and Equal Protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

Claim for Inductive Relief

36. Plaintiffs are entitled to inductive relief pursuant to the Federal Rules of Procedure, 65, for reasons that : (A)

it is likely that Plaintiffs will succeed on the merits of this of this action; (B) Plaintiffs will suffer irreparable injury unless the Court grants Plaintiff's the relief requested; (C) the hardship on Defendant if the relief requested is granted will be slight compared to the hardship Plaintiffs will suffer if the relief requested is denied; and, (D) it is in the public interest to grant Plaintiff the relief requested.

37. Specifically, Plaintiffs are entitled to an injunction prohibiting Regional Director Kevtov from conducting any further proceedings on the pending unfair labor practice charges prior to investigating Plaintiffs' 1997 Decertification Petition and conducting a hearing on the 1997 Decertification Petition to determine whether a question concerning representation exists.

Declaratory Judgment

38. Plaintiffs are entitled to a declaratory judgment pursuant to the Federal Rules of Procedure, 57; and, 28 U.S.C. 2201. An actual controversy exits between the parties relating to the legal rights and duties of Plaintiffs and Regional Director Kentov.

39. A declaratory judgment is necessary in that Plaintiffs contend and Defendant denies that: (A) Regional Director Kentov is required to investigate Plaintiffs' 1997 Decertification Petition; (B) Regional Director Kentov is required to conduct a

formal hearing on Plaintiffs' 1997 Decertification Petition to determine whether a question concerning representation exists; and (C) Regional Director Kentov is prohibited from taking action on the pending unfair labor practice charges.

## V.
## PRAYER FOR RELIEF

Wherefore, Plaintiffs, Carlos Bello, Homero Camara, Carlos Ferra, Rafael Ferro, Santiago Gonzales, Joachim Gorg, Eric Machin, Juan Millet, Mario Perez, Eduardo Pineda, Irving Puig, Marlon Solorzano, Edgardo Zuniga and Eduardo Zuniga , request and pray that:

1. Defendant be cited to appear and that upon hearing, judgment be entered against Defendant for the relief requested herein;

2. The Court enter an order requiring Defendant to conduct an investigation of Plaintiffs' 1997 Decertification Petition (Case No.12-RD-742);

3. The Court enter an order requiring Defendant to conduct a hearing on Plaintiffs' 1997 Decertification Petition (Case No. 12-RD-742) to determine whether a question concerning representation exists;

4. The Court enter an order enjoining Defendant from conducting any further proceedings on the pending unfair labor practice charges prior to an investigation and hearing on Plaintiffs' 1997 Decertification Petition (Case NO. 12-RD-742);

5. The Court enter an order declaring the rights and legal obligations of the parties as follows: (A) Regional Director Kentov is required to investigate Plaintiffs' 1997 Decertification Petition; (B) Regional Director Kentov is required to conduct a formal hearing on Plaintiffs'1997 Decertification Petition to determine whether a question concening representation exists; and

(C) Regional Director Kentov is prohibited from taking any further action on the pending unfair labor practice charges;

6. Plaintiff have judgment against Defendant for costs of Court, attorneys fees and expenses incurred herein and pre-judgment and post-judgment interest as allowed by law; and,

7. Plaintiffs recover such additional relief, at law or in equity, as may be just.

Respectfully submitted,

Samuel L. Bare, III
Attorney for Plaintiffs

BARE & ASSOCIATES
6601 S.W. 80th Street
Suite # 109
Miami, Florida 33143
(305) 661-7411

# CIVIL COVER SHEET

97-1548

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV - GRAHAM

MAGISTRATE DUBÉ

**I (a) PLAINTIFFS**

C. Bello, H. Camara
C. Ferra, R. Ferro, S. Gonzales,
J. Gorg, E. Machine, J, Millet,
M. Perez, E Pineda, I. Puig, M. Solorzano
E. Zuniga and E. Zuniga

**DEFENDANTS**

Rochelle Kentov, Regional Director, Region 12
National Labor Relations Board

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

B Dade 1:97cv 1548 DLG/Dubé

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT unk.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

FILED BY ... D.C.
MAY 14 PM 2:2?
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Samuel L. Bare, III
BARE & ASSOCIATES, 6601 S.W. 80th St.
Miami, FL. 33143 (305) 661-7411

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

(DADE circled)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- XX 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | XX 1 | XX 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Misfeasance of Office

IVa. 5 days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- B ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- B ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- * ☐ 530 General
- ☐ 535 Death Penalty
- * ☐ 540 Mandamus & Other
- ☐ 550 civil Rights
- *A or B

**B FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- B X 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- B ☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- * ☐ 890 Other Statutory Actions
- *A or B

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 No

DEMAND $ unk.

Check YES only if demanded in complaint: JURY DEMAND: ☐ YES XX NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE ________ DOCKET NUMBER ________

None

DATE 5/13/97

SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No. 676641 Amount: 150.00

Date Paid: 05/14/97 M/ifp: ________